* * * * * * * * * * *
The undersigned reviewed the prior Decision and Order, based upon the record of the proceedings before Deputy Commissioner Rideout. The appealing party has not shown good grounds to reconsider the evidence, receive further evidence, or rehear the parties or their representatives. Having reviewed the competent evidence of record, the Full Commission affirms the Decision and Order of Deputy Commissioner Rideout dismissing plaintiff's claim with prejudice with minor modifications.
 * * * * * * * * * * *
Based upon all of the competent evidence of record and reasonable inferences flowing therefrom, the Full Commission makes the following:
 FINDINGS OF FACT
1. A hearing on defendant's Motions To Dismiss was held on December 13, 2005.
2. In her Tort Claim Affidavit filed with the North Carolina Industrial Commission, plaintiff alleges that she injured her finger while working in her incentive wage position at the prison bindery on August 29, 2003.
3. On the date of the accident, plaintiff was employed by defendant at $ 0.20 per hour to operate a binding machine, which had a stapling component, at Wake Enterprises, Inc. While operating a staple machine, plaintiff's finger was stapled in the machine.
4. Defendant moved to dismiss plaintiff's tort claim asserting that plaintiff's exclusive remedy is the Workers' Compensation Act.
 * * * * * * * * * * *
Based upon the foregoing stipulations and findings of fact, the Full Commission reaches the following:
 CONCLUSIONS OF LAW
1. Workers' Compensation, not a tort action, is the exclusive remedy for prisoners injured while working for the State of North Carolina. N.C. Gen. Stat. § 97-10.1; Richardson v. North Carolina Dept. ofCorrection, 345 N.C. 128, 478 S.E.2d 501 (1996).
2. A prisoner may file a workers' compensation claim under appropriate circumstances within one year of their release from the North Carolina department of Corrections. N.C. Gen. Stat. § 97-13(c) specifically provides:
 Whenever any prisoner assigned to the State Department of Correction shall suffer accidental injury or accidental death arising out of and in the course of the employment to which he had been assigned, if there be death or if the results of such injury continue until after the date of the lawful discharge of such prisoner to such an extent as to amount to a disability as defined in this Article, then such discharged prisoner or the dependents or next of kin of such discharged prisoner may have the benefit of this Article by applying to the Industrial Commission as any other employee; provided, such application is made within 12 months from the date of the discharge; and provided further that the maximum compensation to any prisoner or to the dependents or next of kin of any deceased prisoner shall not exceed thirty dollars ($30.00) per week and the period of compensation shall relate to the date of his discharge rather than the date of the accident.
3. As plaintiff alleged an injury by accident arising out of and in the course of her employment with the defendant, this cause of action, filed as a tort claim against the State of North Carolina, must be dismissed. N.C. Gen. Stat. § 143-291,et seq.
 * * * * * * * * * * *
Based upon the foregoing findings of fact and conclusions of law, the undersigned enters the following:
 ORDER
1. Plaintiff's claim under the State Tort Claims Act is hereby DISMISSED WITH PREJUDICE.
2. Plaintiff may file a workers' compensation claim within one year of her release from the North Carolina Department of Corrections. An Industrial Commission Form 18 is appended to this Order to permit Polk to file a workers' compensation claim.
3. No costs are taxed as plaintiff was permitted to file this civil action in forma pauperis.
This the 8th day of November, 2006.
 S/___________________ BUCK LATTIMORE CHAIRMAN
CONCURRING:
 S/_____________ DIANNE C. SELLERS COMMISSIONER
 S/_______________ THOMAS J. BOLCH COMMISSIONER